**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240049-U

Order filed April 22, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0049 Circuit No. 23-CF-2007 |
| JAMES L. DAVIS, JR., | ) ) ) | Honorable Carmen Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justice Albrecht concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1    *Held*:   The trial court's decision to continue to detain defendant was not an abuse of discretion.

¶ 2    On January 10, 2024, the trial court determined that the continued detention of defendant, James L. Davis, Jr., was necessary to avoid a real and present threat to the safety of any person or persons in the community. Defendant appeals. For the reasons that follow, we affirm.

¶ 3                                 I. BACKGROUND

¶ 4    Defendant was charged on November 2, 2023, with three counts of unlawful possession of a weapon by a felon (Class 2) (720 ILCS 5/24-1.1(a), (e) (West 2022)) and obstructing justice (Class 4) (id. § 31-4(a)(1), (b)(1)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)).

¶ 5    The factual basis provided that at 11:27 p.m. on October 31, 2023, an officer was on patrol and saw a PT cruiser that was wanted for aggravated fleeing and eluding. The officer followed the vehicle, saw it park, and three individuals exited the vehicle. The officer activated the police lights. Two of the subjects stopped, but defendant took off running toward a residence. The officer followed him, made it to the front door, and the door slammed and locked. The officer forced the door open and heard defendant running down the stairs towards the basement. The officer gave chase and announced, "Police, you're under arrest." The officer went to the basement, heard a door slam shut, and heard furniture being moved around. As the officer approached the door, defendant exited, was out of breath, and indicated that he did not know it was the police chasing him. Defendant had live ammunition in his pocket. A backpack was located in the room defendant exited. The backpack had a loaded semi-automatic pistol with an extended magazine and an extra, loaded extended magazine. Defendant did not live at the residence. The officer spoke with the resident who said she did not have a semi-automatic handgun and had no knowledge of one being in the residence. Defendant made spontaneous statements that the gun was his, someone killed his brother, and he needed a gun for protection. Defendant made a phone call and indicated to the person that he was caught with his "stick."

¶ 6        Defendant was on bond for unlawful possession of a weapon by a felon from August 24, 2023. He had an active failure to appear warrant for his arrest for a missed court date. His criminal history included reckless discharge of a firearm, unlawful possession of a stolen firearm, three convictions for unlawful use of a weapon by a felon, aggravated battery, domestic battery, and resisting a peace officer. A pretrial risk assessment indicated that he was a Level 4 risk.

¶ 7        The record indicates that a hearing was held on November 2, 2023, after which the court granted the State's petition. Defendant did not appeal. His detention was revisited multiple times, and defendant did not appeal.

¶ 8        A hearing was held on January 10, 2024, to revisit defendant's detention, which is the subject of this appeal. Defense counsel stated that there was "mitigation" evidence to support that defendant should be released, including that he was a member of a church, was licensed in real estate, and worked six to seven days a week at the church. He could return to his job at Waltshire, where he had worked for two years. He was also a music producer where he had been employed for the last nine years. He did not do drugs or drink alcohol. He had four children. Defense counsel said that the mitigation evidence was based on representations from defendant and had not been verified. Defense counsel asked that defendant be placed on GPS monitoring. The State provided the factual basis. The court found that continued detention was necessary. In doing so, it noted that defendant was on bond at the time and noted that he possessed a firearm. This appeal followed.

¶ 9                                        II. ANALYSIS

¶ 10       On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that defendant did not pose a threat that could not be mitigated by conditions of release. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion.

*People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 11      Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id*. § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id*. § 110-6.1(a), (e).

¶ 12      At the outset, we note that defendant had multiple prior detention hearings from which he did not appeal. As we stated in *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13,

> "The requirement that the State prove by clear and convincing evidence each of the three above-mentioned propositions and that the court make a finding as to each, applies to this initial hearing. See *id*. § 110-6.1. For subsequent hearings, as the one at issue here, the statute only requires the court to find that 'continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution.' *Id*. § 110-6.1(i-5). Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing."

4

¶ 13    Therefore, we do not consider the propriety of the findings at the initial hearing; rather, we review only the trial court's subsequent determination that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id*.

¶ 14    Here, the proffer indicated that defendant was a convicted felon, was on bond, and had a warrant out for his arrest at the time of the offense. Despite these facts, defendant possessed a weapon and ammunition. Under these facts, we cannot say the court's decision to continue to detain defendant was an abuse of discretion.

¶ 15                                    III. CONCLUSION

¶ 16    The judgment of the circuit court of Will County is affirmed.

¶ 17    Affirmed.

¶ 18    PRESIDING JUSTICE McDADE, dissenting:

¶ 19    I dissent from the majority's decision to affirm the circuit court's denial of pretrial release for this defendant.

¶ 20    Relevant to the determination of dangerousness under section 110-6.1(e)(2) of the statute, defendant is being charged in this case with three counts of unlawful possession of a weapon by a felon, and the circuit court arrived at its January 10, 2024, detention order based partly on its finding that defendant is known to possess or have access to firearms. Neither federal nor Illinois law completely bans the personal possession of firearms across all circumstances. See U.S. Const., amend. II; Ill. Const. 1970, art. I, § 22. Section 24-1.1(a) of the Illinois Criminal Code criminalizes the possession of any firearm or firearm ammunition by a person who has been convicted of a felony, (see 720 ILCS 5/24-1.1(a) (West 2022)), as defendant is alleged to have been in this case.

5

However, it is unclear what *real* and *present* threat of danger defendant poses to specific persons or to the community by merely possessing a firearm or firearm ammunition.

¶ 21    The circuit court's detention order is further based on its finding that defendant's criminal history is indicative of violent, abusive, or assaultive behavior. As the majority notes, the weapons-related offenses in defendant's criminal history include reckless discharge of a firearm, unlawful possession of a stolen firearm, and unlawful use of a weapon by a felon. Relevant to unlawful possession of a stolen firearm, as stated above, it remains unclear how the mere possession of a firearm amounts to the state of danger contemplated under section 110-6.1(e)(2) of the statute. Nor does defendant's history of reckless discharge of a firearm or unlawful use of a weapon by a felon amount to the same.

¶ 22    Because the State has not proven defendant's alleged dangerousness that rises to the level of the clear and present threat contemplated by the statute, it cannot be said that there are no conditions that can mitigate the threat that he poses to certain persons or the community. Consequently, I find that the circuit court abused its discretion by denying defendant pretrial release, and would reverse its judgment.